UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § § | **13-00147-CM** |
| v. § | EP 08 CR 1482 PRM (1) |
| § § | |
| PENG LIU, § | |
| a/k/a LIU PENG § | |
| a/k/a CHARLES LIU § | |
| a/k/a CHARLEY LIU, § | |
| Defendant. § | |



### AFFIDAVIT OF DAVID GUERRERO

I, David Guerrero, declare and state:

1. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto under oath.

2. I am a citizen of the United States and a resident of the State of California.

3. I am currently employed as the Custodian of Records for J2 Global Communications, Inc. located in Los Angeles, California and have been so employed for the past XX years. As the Custodian of Records for J2 Global Communications, Inc. I am authorized to give evidence on behalf of J2 Global. By virtue of my post, I am familiar with the work of J2 Global and I do maintain custody and control of the records for J2 Global.

4. I can attest that J2 Global provided telephone records for telephone number (626) 608-2833 to SSA Carl Cox of U.S. Immigration and Customs Enforcement in 2008. I can attest that J2 Global was the service provider for telephone number (626) 608-2833 from the time period of March 13, 2003 to February 2, 2007. The subscriber for this number was Peng Liu, Room F-2102, 69 Tong Le Road, Shenzhen, China 518001, e-mail address everlink@msn.com. I can attest that the records provided to SSA Cox are true and accurate copies of the records created and kept in the normal course of business for J2 Global Communications, Inc. Attached hereto as **Exhibit 15A** are the records provided to SSA Cox.

5. The records provided are computer generated and:

(a) the documents exhibited to this affidavit and marked **Exhibit 15A** are documents produced by a computer;

(b) the documents were printed by a computer linked to a Central Processing Unit of the computer and that by use of the Central Processing Unit, the information on the documents was retrieved from that stored on the computer's data storage devices;

(c) the said computer was used to store, process or retrieve information for the purposes of the activities carried on by the company;

(d) the information contained in the statement in the document reproduces, or is derived from, information supplied to the computer in the course of the activities of the company; and

(e) while the computer was so used in the course of those activities :

    (i)    appropriate measures were in force for preventing unauthorized Interference with the computer; and

    (ii)    the computer was operating properly or, if not, that any respect in which it was not operating properly or was out of operation was not such as to affect the production of the document or the accuracy or the accuracy of its contents.

/s/
David Guerrero

Subscribed and sworn to before me this 14th day of May, 2013, in Los Angeles, California.

**Jay C. Gandhi**
UNITED STATES MAGISTRATE JUDGE